No. 658          December 13, 2023          545

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

AIRPORT FIRE FIGHTERS' ASSOCIATION,
IAFF LOCAL 43,
*Petitioner,*

*v.*

PORT OF PORTLAND,
*Respondent.*

Employment Relations Board
UP04621; A178710

Argued and submitted October 11, 2023.

Jason M. Weyand argued the cause for appellant. Also on the briefs was Tedesco Law Group.

Melissa J. Healy argued the cause for respondent. Also on the brief were Crystal S. Chase, Megan S. Bradford, and Stoel Rives LLP.

Aruna A. Masih filed the brief *amicus curiae* for Oregon State Fire Fighters Council, American Federation of Teachers-Oregon, and Association of Engineering Employees of Oregon.

John M. Stellwagen and Bullard Law filed the brief *amicus curiae* for ORPERLA/National PELRA.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

The Portland Fire Fighters' Association, Local 43 IAFF (Union) seeks judicial review of an order of the Employment Relations Board (ERB) dismissing its unfair labor practice complaint. In that complaint, the Union claimed that the Port of Portland (Port), which operates the Port Fire Department, committed four unfair labor practices, *see* ORS 243.672(1)(a), (e), (f), and (g),[1] in connection with actions that the Port took after the Oregon Health Authority promulgated OAR 333-019-1010 (August 25, 2021). That rule generally required healthcare workers, including firefighters, to receive the COVID-19 vaccine to work in healthcare settings.

Following a four-day hearing, ERB rejected all four of the Union's unfair labor practice claims and entered an order dismissing the Union's complaint. Its order is detailed, spanning 52 pages, and explains in depth why ERB rejected each of the Union's four claims.

The Union seeks judicial review, contending, in four assignments of error, that ERB erred in rejecting each of its four unfair labor practice claims. We review for substantial evidence, substantial reason, and errors of law. ORS 183.482(8); *Three Rivers Ed. Assn. v. Three Rivers Sch. Dist.*, 254 Or App 570, 571, 294 P3d 547 (2013). Within each assignment of error, the Union makes numerous arguments that implicate different standards of review. We limit our discussion here to the Union's primary arguments, but we have considered and reject each and all of the Union's arguments, and we affirm.

In the Union's first assignment of error, the Union argues that ERB erred in concluding that the Port did not unilaterally change the status quo with respect to minimum staffing and, thus, erred in concluding that the Port did not violate ORS 243.672(1)(e).

We have reviewed the record and arguments on review and conclude that ERB's order contains the necessary

---

[1] ORS 243.672 has been amended by Or Laws 2023, ch 47, § 1, but the amendment does not go into effect until January 1, 2024. It therefore does not impact our analysis in this case.

reasoning connecting the facts found by ERB to ERB's conclusion that "the Port did not unilaterally change the status quo with respect to minimum staffing." *See United Academics of OSU v. OSU*, 315 Or App 348, 356, 502 P3d 254 (2021) ("Confronted with a substantial-reason challenge, [the court's] review is simply to determine whether the order supplies the necessary reasoning."). Thus, ERB's determination that the Port did not make a change to the status quo was supported by substantial reason.[2]

In the Union's second assignment of error, the Union contends that ERB erred in concluding that the Port did not violate ORS 243.672(1)(f) when it did not provide the Union with written notice of anticipated changes to mandatory subjects of bargaining. ORS 243.672(1)(f) makes it an unfair labor practice to "[r]efuse or fail to comply with any provision of ORS 243.650 to 243.806." The Union specifically alleged that the Port failed to comply with ORS 243.698, which requires that a public employer "notify the exclusive representative in writing of anticipated changes that impose a duty to bargain."

We have reviewed the record and the arguments on judicial review and conclude that ERB's determination that "there was * * * no duty on the Port to bargain or to provide a written notice with respect to any change to minimum staffing" is supported by substantial reason and substantial evidence. Therefore, ERB correctly concluded that the Port did not violate ORS 243.672(1)(f).

In its third assignment of error, the Union contends that ERB erred in concluding that the Port did not violate the parties' Memorandum of Understanding (MOU) and,

---

[2] To the extent the Union argues that ERB's order is inconsistent with precedent, the cases to which the Union cites are factually distinct from the current matter. Here, there was no evidence that the Port sought to permanently change its operating procedures or policies to reduce minimum staffing; rather, the evidence supports ERB's finding that the Port did not want to have fewer than 12 employees on duty per shift but was acting in response to the state vaccine mandate in OAR 333-019-1010. Thus, that temporary change did not "frustrate[] the bargaining process" nor did it "convey[] the message to employees that the employer [could] change their terms and conditions of employment without bargaining in good faith with their chosen representative." *Oregon Tech Am. Ass'n of Univ. Professors v. Oregon Inst. of Tech.*, No UP-023-20 at 30-31 (ERB Order Oct 28, 2020).

therefore, ORS 243.672(1)(g) when the Port declined to provide reasonable accommodations to all 14 employees who obtained approved religious exceptions. Having reviewed the record and the arguments on review, we conclude that ERB's determination that the Port did not violate the MOU nor ORS 243.672(1)(g) is supported by substantial evidence and substantial reason. To the extent that the Union argues that the Port was required to comply with the Americans with Disabilities Act (ADA), 42 USC § 12112, and Title VII of the Civil Rights Act, 42 USC § 2000e-2, as context for its allegation that the Port violated ORS 243.672(1)(g), ERB's order conclusively addresses why ORS 243.672(1)(g) was not violated: (1) considering the text and context of the MOU and all of the extrinsic evidence of the parties' intent, the MOU did not require the Port to accommodate all employees with approved religious or medical exceptions, (2) the Port did not breach the implied covenant of good faith and fair dealing when it denied accommodations to the 14 employees with approved religious exceptions, and (3) the MOU was enforceable and did not violate OAR 333-019-1010. Furthermore, to the extent that the Union asserts that individual firefighters have standalone claims under the ADA or Title VII, it did not allege such claims in its complaint. Consequently, that issue was not before ERB, and it is not before us.

Finally, in its fourth assignment of error, the Union argues that ERB erred in concluding that the Port did not violate ORS 243.672(1)(a) when it refused to provide union representation to employees in meetings with Port management. ERB considered the totality of the circumstances and determined that the relevant meetings were not investigatory interviews that entitled employees to union representation. After examining the record and arguments on review, we conclude that ERB's determination is supported by substantial evidence and substantial reason, and ERB correctly applied the law. Thus, ERB correctly concluded that the Port did not violate ORS 243.672(1)(a).

Affirmed.